Milo LETSCH, Jr., et ux.,
Plaintiffs-Appellants,

v.

Alfred PICKWORTH et ux.,
Defendants-Respondents.

No. 10447.

Missouri Court of Appeals,
Springfield District.

Nov. 1, 1977.

James L. Robinett, Jr., Springfield, for plaintiffs-appellants.

No appearance for defendants-respondents.

BILLINGS, Chief Judge.

Suit by plaintiffs-grantees for breach of covenant against encumbrances. In a bench trial judgment of $5,000 damages was entered against defendants-grantors. Plaintiffs appealed, claiming they are entitled to a larger award. We affirm.

In 1974 plaintiffs purchased a duplex dwelling from defendants. The duplex, built for two-family occupancy, was located on a lot which was restricted to a single family dwelling. Defendants conveyed the property by general warranty deed and expressly covenanted against encumbrances. In addition, the words "grant, bargain and sell" in the conveyance invoked the statutory covenant against encumbrances found in § 442.420, RSMo 1969.

The restrictive covenant and defendants' breach of the covenant against encumbrances are not contested, the sole issue being the trial court's determination of the damages plaintiffs are entitled to receive.

Our review of this court-tried case is governed by Rule 73.01, V.A.M.R., as delineated by *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). Consequently, in ruling plaintiffs' contention, we are required to sustain the judgment unless there is no

substantial evidence to support the award of damages allowed plaintiffs.

The damage rule applicable in this case is found in *Clough v. Securities Reserve Corporation,* 153 S.W.2d 93 (Mo.App.1941). At 98 the court said:

"The measure of damages for the breach because of such restriction is the difference between the value of the property with and without the restrictive clause, if its presence diminishes the value. . . . The true measure of damages in such case is the difference between the market value of the land subject to the [restriction], and its market value if the [restriction] did not exist." [1]

The only evidence in the case directed to the question of damages was the testimony of plaintiffs' expert witness. Inter alia, the witness opined the duplex property had a value of $37,900 but because of the burden of the restrictive covenant the property could be sold to a "risk taking cash buyer" for $32,900 "with both parties [buyer and seller] . . . being aware of the problems with the title."

We read the expert's testimony as putting the market value of the property at $37,900 without the restriction and at $32,-900 with the restriction. Thus, the encumbrance of the restrictive covenant diminished the value of the property by $5,000, the amount awarded plaintiffs. We conclude, therefore, there was substantial evidence to support the judgment.

We have not overlooked plaintiffs' argument that other testimony by the expert warranted a higher award of damages. However, having determined the above testimony constitutes substantial evidence, we affirm the judgment of the trial court.

Judgment affirmed.

All concur.

1. See: McCormick, Damages § 185 (Hornbook Series 1935); 20 Am.Jur.2d Covenants, Conditions, etc., § 144 (1965).